PER CURIAM:
Claimant brought this action to recover for damages to her 1993 Dodge Colt which occurred when she was traveling between Moorefield and Petersburg in Grant County on U.S. Route 220 and her vehicle struck a rock in the road. U.S. Route 220 in Grant Comity is a highway maintained by respondent. The Corn! is of the opinion to deny this claim for the reasons set forth herein below.
Claimant was traveling on U.S. Route 220 at around 9:30 p.m. on August 27, 2002, to her home in Petersburg when her vehicle struck a rock in her lane of travel in the area of Welton Orchard Park. She was driving at fifty to fifty-five miles per hour. It was dark and raining at the time. She testified that she saw a rock in the road, but there were two or three cars behind her vehicle so she did not believe she could come to a sudden stop. There were also vehicles in the opposite lane coming toward her. Her vehicle went *123 over the rock which she estimated to be eight to ten inches in diameter. She explained that the rock broke into smaller pieces after her vehicle struck it. U.S. Route 220 is a two-lane, concrete highway with a hillside to claimant’s right side as she was traveling south. She stated that she had not observed any rocks in the road at that location before this incident. She also stated there was a “Falling Rock” sign about a mile to a mile and a half from this location. After her vehicle struck the rock, the motor locked up because the oil pan had a hole allowing all oil to drain out immediately. The total amount of the cost to repair her vehicle was $768.91.
Gary Kitzmiller, respondent’s Supervisor in Grant County, testified that he is familiar with U.S. Route 220 in the area of Welton Orchard Park. He stated that his office didnot receive any notice ofthe rock in the road on the date of claimant’s incident; however, he did state that there is a rock cliff in that area which is marked with a “Falling Rock” sign.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adlans v. Sims, 46 S.E.2d 811 (W.Va.1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman v. Dept, of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highhways, 16 Ct. Cl. 8 (1985). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous condition posing injury to person or property is insufficient to justify an award. Coburn v. Dept. of Highways, 16 Ct. Cl. 68 (1985); Hammond v. Dept. of Highhway, 11 Ct24
In the present claim, claimant failed to establish that respondent failed to take adequate measures to protect the safety of the traveling public on U.S. Route 220 in Grant County. Respondent has “Falling Rock” warning signs in place to warn the traveling public of the potential for rock falls at this location. While the Court is sympathetic to claimant’s plight, the fact remains that there is no evidence of negligence on the part of respondent upon which to base an award.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.